UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROY L. JACKSON, ) | |
| ) | |
|       Plaintiff, ) | |
| ) | |
| v. ) | Case No. 16-CV-0217-CVE-PJC |
| ) | |
| RICHARD COONS, DAVID M. ) | |
| DRYER, and DRYER & ASSOCIATES, P.C., ) | |
| ) | |
|       Defendants. ) | |

**OPINION AND ORDER**

Now before the Court are Defendants' Renewed Motion to Dismiss (Dkt. # 19) and Plaintiff, Roy L. Jackson's Motion for Sanctions Pursuant to Fed. R. Civ. P. 11 (Dkt. # 25).[1] Defendants argue that plaintiff has failed to state a claim under 42 U.S.C. § 1985. Dkt. # 19, at 5. There are no other federal law claims alleged in the amended complaint (Dkt. # 16), plaintiff has not alleged that the Court has diversity jurisdiction over this case, and defendants ask the Court to decline to exercise supplemental jurisdiction over plaintiff's state law claims. Id. at 6-7. Plaintiff, proceeding pro se, responds that the Court should exercise jurisdiction over his state law claims even if his § 1985 claims are dismissed. Dkt. # 23, at 5.

I.

Plaintiff has filed an amended complaint (Dkt. # 16) asserting claims under § 1985 and state law against defendants Richard Coons, David M. Dryer, and Dryer & Associates, P.C. based on an alleged conspiracy to deny plaintiff access to the mortgage account of Patricia Howie. Plaintiff

---

[1] The basis for plaintiff's motion for sanctions is the filing by defendants of their renewed motion to dismiss. The motion for sanctions (Dkt. # 25) is moot as a result of the ruling on the renewed motion to dismiss (Dkt. # 19).

claims that he received an e-mail on December 28, 2015 notifying him that his third party authorization to access Howie's mortgage account had been revoked, and he further alleges that Coons fraudulently gained access to the account. Dkt. # 16, at 3-4. Plaintiff states that Coons used the personal information of John Howie to submit a false authorization to access the mortgage account and that John Howie died in August 2010. Id. at 4. Plaintiff asked the mortgage company, Nation Star Mortgage, to conduct a fraud investigation and he claims that Coons was denied access to the mortgage account following the investigation. Id. Plaintiff asserts that defendants conspired to deprive plaintiff of his right to free speech to manage Patricia Howie's mortgage account (count I) and that defendants conspired to deny plaintiff the right of free association to conduct business with Patricia Howie and Nation Star Mortgage (count II). Id. at 2-5. The statutory basis for both counts I and II is § 1985. Plaintiff alleges state law claims of tortious interference with contract (count III) and intentional infliction of emotional distress (count IV), and he seeks declaratory relief, injunctive relief, and over $2 million in money damages. Id. at 7.

This is not the first lawsuit filed concerning allegations of denial of access to Patricia Howie's mortgage account. In a prior lawsuit filed in Tulsa County District Court, Patricia Howie sought to cancel a real estate transaction[2] between herself and Richard and Barbara Coons, and the defendants filed counterclaims seeking to prevent Patricia Howie or her agents from interfering with the Coons' access to the disputed mortgage account. See Patricia L. Howie v. Richard Coons and Barbara Coons, Tulsa County Case No. CV-2015-168. The state court entered a judgment in favor

---

[2] Defendants allege that Patricia Howie executed a general warranty deed transferring title over certain real property to Richard Coons in exchange for his agreement to assume the existing mortgage. Dkt. # 19, at 1. Coons paid the mortgage for about a year before Patricia Howie sought to cancel the transaction. Id. at 2.

of Richard and Barbara Coons on their counterclaims and found that they should be granted access to the mortgage account in order to make required payments pursuant to an agreement between the parties. Dkt. # 19-1, at 1. The state court found that Patricia Howie "has interfered with the Counterclaim Plaintiffs' agreement to make payments to Nation Star Mortgage pursuant to the [parties'] agreement," and Patricia Howie was "directed not to interfere with the Counterclaim Plaintiffs' access to the account . . . ." Id. at 2. On November 3, 2015, the state court entered a contempt citation against Patricia Howie because she had interfered with the Coons' access to her mortgage account. On March 1, 2016, plaintiff sent a letter to Richard Coons and he claimed to have a power of attorney to act on behalf of Patricia Howie, and plaintiff demanded that Richard Coons cease and desist from interfering in Patricia Howie's affairs. Dkt. # 19-3, at 18. Richard Coons filed a supplemental application for contempt citation alleging that plaintiff, on behalf of Patricia Howie, was harassing Richard Coons at his place of employment and engaging in other threatening behavior, and Richard Coons stated plaintiff had filed a frivolous bar complaint against Richard Coons' attorney, David Dryer. Id. at 3-4. A non-jury contempt trial was held on May 18, 2016 and Patricia Howie did not appear, and she was sentenced to 30 days imprisonment and a $500 fine. Dkt. # 19-2, at 11. However, the contempt would be purged if Patricia Howie agreed to execute the necessary documents making Richard Coons a co-guarantor on the mortgage. Id.

## II.

In considering a motion to dismiss under Rule 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

A complaint must contain enough "facts to state a claim to relief that is plausible on its face"and the factual allegations "must be enough to raise a right to relief above the speculative level." Id. (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 562. Although decided within an antitrust context, Twombly "expounded the pleading standard for all civil actions." Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009). For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to claimant. Twombly, 550 U.S. at 555; Alvarado v. KOB-TV, LLC, 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). However, a court need not accept as true those allegations that are conclusory in nature. Erikson v. Pawnee County Bd. Of County Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1109-10 (10th Cir. 1991).

### III.

Defendants argue that plaintiff has failed to state a claim for relief under § 1985, because plaintiff has made no allegations that the state had any involvement in preventing plaintiff from exercising his right to free speech or free association and there are no allegations of class-based discrimination. Dkt. # 19, at 5. Plaintiff does not respond to these arguments, but he argues that the Court should hear his state law claims even if his § 1985 claims are dismissed. Dkt. # 23, at 4-5.

Under § 1985, it is unlawful for "two or more persons in any State or territory [to] conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the

equal protection of the laws, or of equal privileges and immunities under the laws . . . ." 42 U.S.C. 1985(3).  In terms of pleading a claim under § 1985(3), the Tenth Circuit has held that a plaintiff must allege "that the conspiracy is motivated by a class-based invidiously discriminatory animus" and "that the conspiracy is aimed at interfering with rights that by definition are protected against private, as well as official, encroachment." Tilton v. Richardson, 6 F.3d 683, 686 (10th Cir. 1993). Plaintiff's § 1985 claims are both based on alleged interference with his rights under the First Amendment to the United States Constitution, which provides that "Congress shall make no law . . . abridging the freedom of speech . . . or the right of the people peaceably to assemble."  The Supreme Court has found that these rights are also protected against interference from by the State, but the First Amendment does not protect a person from a private conspiracy to infringe the rights of free speech or assembly. Tilton, 6 F.3d at 686.  An alleged conspiracy to violate a person's First Amendment rights is actionable under § 1985 only if "it is proved that the state is involved in the conspiracy or that the aim of the conspiracy is to influence the activity of the state." United Bhd. of Carpenters and Joiners of America, Local 610, AFL-CIO v. Scott, 463 U.S. 825, 830 (1983).

The Court has reviewed the amended complaint and finds that plaintiff has not stated a claim under § 1985 for violation of his First Amendment rights of free speech or association. The Court has considered that plaintiff is proceeding pro se and the Court has liberally construed the allegations of the amended complaint. Even giving plaintiff's amended complaint a liberal construction, he has not alleged that the there was any state involvement in the conspiracy or that the aim of the conspiracy was to influence the activity of the state. This argument was clearly raised in defendants' motion to dismiss and plaintiff has made no attempt to respond to this argument. Plaintiff alleges that defendants conspired to interfere with his access to Patricia Howie's mortgage

account, but this is a purely private matter and there is no possible state involvement or interest in the alleged conspiracy. The Court finds that counts I and II of plaintiff's amended complaint should be dismissed for failure to state a claim upon which relief can be granted due to the lack of state involvement in the alleged conspiracy to deprive plaintiff of his rights of free speech and association.

The Court has dismissed plaintiff's federal law claims, but he has also alleged claims arising under Oklahoma law. Under 28 U.S.C. § 1367(c), a federal district court may decline supplemental jurisdiction when it has "dismissed all claims over which it has original jurisdiction." The Court recognizes that it has discretion to retain jurisdiction over a pendent state law claim in some circumstances. United Mine Workers of America v. Gibbs, 383 U.S. 715 (1966). However, "if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." Id. at 726; see also United States v. Botefuhr, 309 F.3d 1263, 1273-74 (10th Cir. 2002) ("a district court should normally dismiss supplemental state law claims after all federal claims have been dismissed, particularly when the federal claims are dismissed before trial"). The Court's decision to exercise supplemental jurisdiction is discretionary, but it should consider the "nature and extent of pretrial proceedings, judicial economy, convenience, and [whether] fairness would be served by retaining jurisdiction." Anglemeyer v. Hamilton County Hosp., 58 F.3d 533, 541 (10th Cir. 1995) (quoting Thatcher Enter. v. Cache County Corp., 902 F.2d 1472, 1478 (10th Cir. 1990)). Plaintiff asks the Court to retain jurisdiction over this case even if his § 1985 claims are dismissed, but the Court finds that there are no factors present that would warrant the exercise of supplemental jurisdiction. The case is at an early stage and it does not appear that the parties have conducted any discovery. The Court also notes that plaintiff's claims relate to issues that have previously been decided by a state court, and some of the issues raised by the parties

may be more appropriately considered in post-judgment proceedings in the prior state court case.[3] The Court declines to exercise supplemental jurisdiction over plaintiff's state law claims, and the state law claims should be dismissed without prejudice to refiling.

**IT IS THEREFORE ORDERED** that Defendants' Renewed Motion to Dismiss (Dkt. # 19) is **granted**. A separate judgment of dismissal is entered herewith.

**IT IS FURTHER ORDERED** that Plaintiff, Roy L. Jackson's Motion for Sanctions Pursuant to Fed. R. Civ. P. 11 (Dkt. # 25) is **moot**.

**DATED** this 12th day of October, 2016.

*[signature]*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

---

[3] Although defendants have provided certain records from the state court proceeding, the defendants have not asked the Court to invoke the Rooker-Feldman doctrine and the Court is not treating plaintiff's claims as an appeal or collateral attack of a state court ruling. The Court merely notes the existence of the prior state court action to show that judicial comity is an additional factor weighing against the exercise of supplemental jurisdiction over plaintiff's state law claims.