UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **ROY L. JACKSON,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**RICHARD COONS, DAVID M.** )<br>**DRYER, and DRYER & ASSOCIATES, P.C.,** )<br>)<br>**Defendants.** ) | Case No. 16-CV-0217-CVE-PJC |

**OPINION AND ORDER**

Now before the Court is plaintiff's Motion for Relief to Set Aside Judgment to File 2nd Amended Complaint to Conduct Discovery (Dkt. # 37) and Defendants' Motion to Strike Plaintiff's 2nd Amended Complaint (Dkt. # 40). Plaintiff asks the Court to vacate the judgment of dismissal (Dkt. # 36), and he requests leave to file a second amended complaint. Defendants respond that plaintiff had an opportunity to fully respond to their arguments for dismissal of his federal law claims, and plaintiff's federal law claims were properly dismissed for failure to state a claim upon which relief can be granted.

On April 18, 2016, plaintiff filed this case alleging that defendants conspired to interfere with his civil rights in violation of 42 U.S.C. § 1985, and he also alleged claims under Oklahoma law. Dkt. # 1. Plaintiff was not represented by an attorney and he was permitted to proceed in forma pauperis. Dkt. # 3. Defendants filed motions to dismiss (Dkt. ## 10, 14) asserting that plaintiff had failed to state claims under § 1985, because he had not alleged any state involvement in the alleged conspiracy. Instead of filing a response, plaintiff filed an amended complaint (Dkt. # 16) alleging two claims under § 1985 (counts one and two), and two state law claims (counts three and four). As to his § 1985 claims, plaintiff alleged that defendants interfered with the exercise of First

Amendment rights of free speech and association. Dkt. # 16, at 3. The amended complaint alleged that the Court had jurisdiction under 28 U.S.C. § 1343, based on his § 1985 claims. The amended complaint contained new allegations of racial discrimination, but plaintiff did not allege any state involvement that would support conspiracy claims under § 1985. The amended complaint provided no basis for the Court to exercise diversity jurisdiction over plaintiff's claims.

Defendants filed a motion to dismiss (Dkt. # 19) the amended complaint. Defendants argued that plaintiff failed to state a claim under § 1985 due to his failure to allege that the state participated in the conspiracy, and defendants asked the Court to decline to exercise supplemental jurisdiction over plaintiff's state law claims. Plaintiff filed a response to the motion to dismiss, but he failed to respond to defendants' argument that the amended complaint failed to allege any state involvement in support of plaintiff's § 1985 claims. Dkt. # 23. The Court entered an opinion and order (Dkt. # 35) granting the motion to dismiss. The Court found that plaintiff had not alleged that the state had any role in the conspiracy to interfere with his civil rights, and plaintiff had failed to state claims under 42 U.S.C. § 1985. The Court declined to exercise supplemental jurisdiction over plaintiff's state law claims, and plaintiffs claims were dismissed without prejudice. Dkt. # 36.

Plaintiff has filed a motion (Dkt. # 37) to reconsider the dismissal of his claims, and he has filed a second amended complaint (Dkt. # 38) alleging that the state of Oklahoma, through the state courts, participated in the conspiracy to interfere with plaintiff's civil rights. The second amended complaint was filed after plaintiff's claims had already been dismissed, and plaintiff did not request leave of court to file an amended pleading. Defendants respond that the Court properly dismissed plaintiff's claims, and they ask the Court to strike the second amended complaint filed by plaintiff. Dkt. ## 39, 40.

Plaintiff's motion to reconsider was filed within 28 days of the entry of judgment, and the Court will treat plaintiff's motion as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e). Under Rule 59(e), a party may ask a district court to reconsider a final ruling or judgment when the district court has "misapprehended the facts, a party's position, or the controlling law." Barber ex rel. Barber v. Colo. Dep't of Revenue, 562 F.3d 1222, 1228 (10th Cir. 2009). "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000). Reconsideration is "not available to allow a party to reargue an issue previously addressed by the court when the reargument merely advances new arguments or supporting facts which were available for presentation at the time of the original argument." FDIC v. United Pac. Ins. Co., 152 F.3d 1266, 1272 (10th Cir. 1998) (quoting Cashner v. Freedom Stores, Inc., 98 F.3d 572, 577 (10th Cir. 1996)). "A Rule 59(e) motion to reconsider is designed to permit relief in extraordinary circumstances and not to offer a second bite at the proverbial apple." Syntroleum Corp. v. Fletcher Int'l, Ltd., 2009 WL 761322 (N.D. Okla. Mar. 19, 2009).

The Court finds that plaintiff's motion to reconsider (Dkt. # 37) should be denied. Plaintiff was on notice when defendants filed motions to dismiss the original complaint that state action was an essential element of a § 1985 claim, and he did not include any allegations concerning state involvement in the § 1985 claims in his amended complaint (Dkt. # 16). The issue was raised again in defendants' motion to dismiss the amended complaint, and plaintiff failed to respond to defendants' argument. Plaintiff argues that he is proceeding pro se and he asks that his failure to include the necessary allegations was "excusable neglect." Dkt. # 37, at 1. Plaintiff's filings in this

case shows that he is reasonably familiar with the legal system, and his pro se status does not excuse his failure to allege an essential element of his § 1985 claims. The Court also notes that plaintiff's allegations in his unauthorized second amended complaint concerning the involvement of the state courts in the alleged conspiracy are not sufficient to state a claim under § 1985(3). The Tenth Circuit has held that a § 1985(3) claim may not be based on alleged conspiracy to violate a plaintiff's First Amendment rights, because the First Amendment does not provide a remedy as to private interference with speech activity. Tilton v. Richardson, 6 F.3d 683, 686-87 (10th Cir. 1993) (explaining that § 1985(3) provides a claim only as to conspiracies that would violate a right that is protected from private and public infringement). Plaintiff's section § 1985 claims would be meritless, even if the Court considered plaintiff's new allegations, and plaintiff has not shown that the Court erred by dismissing his claims.

Defendants ask the Court to strike plaintiff's second amended complaint. Dkt. # 40. The law is clearly settled that "once judgment is entered, the filing of an amended complaint is not permissible until judgment is set aside or vacated pursuant to Fed.R.Civ.P. 59(e) or 60(b)." The Tool Box, Inc. v. Ogden City Corp., 419 F.3d 1084, 1087 (10th Cir. 2005). Plaintiff responds that he did not intend for the second amended complaint to be filed, and he claims that the Court Clerk violated his instructions by filing the second amended complaint. He states that he asked the Court Clerk to stamp the document as "received," but he did not want the Court Clerk to file the second amended complaint until the Court ruled on his motion to reconsider.[1] Dkt. # 41, at 1-2. The Court will accept plaintiff's explanation that he did not intend for the second amended complaint to be

---

[1] Although plaintiff faults the Court Clerk for allegedly ignoring his instructions, the Court finds that the Court Clerk acted appropriately by filing a document delivered by plaintiff.

filed, and this is a sufficient basis to strike his second amended complaint. The Court also finds that plaintiff's motion to reconsider has been denied and the judgment of dismissal has not been vacated, and plaintiff has no basis to file or seek leave to file a second amended complaint. Defendant's motion (Dkt. # 40) to strike the second amended complaint should be granted.

**IT IS THEREFORE ORDERED** that plaintiff's Motion for Relief to Set Aside Judgment to File 2nd Amended Complaint to Conduct Discovery (Dkt. # 37) is **denied**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Strike Plaintiff's 2nd Amended Complaint (Dkt. # 40) is **granted**. Plaintiff's 2nd Amended Complaint (Dkt. # 38) is **stricken**. This case remains closed.

**DATED** this 7th day of April, 2017.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE